UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN ALLEN BRENDE,<br><br>　　　　　　　　　Petitioner,<br><br>　　vs.<br><br>MINNEHAHA COUNTY; THE STATE OF SOUTH DAKOTA; and THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>　　　　　　　　　Respondents. | 4:25-CV-04078-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION WITHOUT PREJUDICE |

　　　　Petitioner, Steven Allen Brende, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket 1. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designate to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. On May 19, 2025, Magistrate Judge Veronica Duffy submitted a report and recommended that Brende's petition be dismissed without prejudice as a second or successive habeas petition under 28 U.S.C. § 2244(b). Docket 4 at 3. This court granted Brende an extension of time to file objections to the report and recommendation. Docket 14. Brende timely filed objections to the report and recommendation and other requests. Dockets 12, 13, 15, 16, 17, 18. For the following reasons, the court adopts in full Magistrate Judge Duffy's report and recommendation, overrules Brende's

objections, and dismisses Brende's petition without prejudice. Because the court overrules Brende's objections, Brende's motions seeking relief based on his objections to the report and recommendation are denied.

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1). The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); *Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990) (per curiam). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

### I. Magistrate Judge Duffy's Report and Recommendation

Magistrate Judge Duffy issued a thorough, well-analyzed report and recommendation noting that this is Brende's third § 2254 petition attacking his 2012 state court conviction. Docket 4 at 1–2. After his first petition, filed in 2016, was denied on the merits, the district court issued a certificate of appealability, and the Eighth Circuit affirmed the dismissal. *See Brende v. Young*, 4:16-CV-4084-KES (D.S.D. June 15, 2016) Dockets 29, 35, 36, 48, 49. A petition for a writ of certiorari was filed with the Supreme Court, which was denied. *Id.* at Docket 56. Brende's second petition was filed in 2023. *Brende v. Warden, Mike Durfee State Prison*, 4:23-CV-4055-KES (D.S.D. Apr. 17, 2023). The court dismissed that petition explaining that Brende must first obtain

permission to file a second and successive petition with the Eighth Circuit before he could file a second or successive habeas petition attacking the same conviction on the same grounds or grounds that could have been raised in the first petition. *Id.* at Dockets 6, 21, 22. The Eighth Circuit Court of Appeals denied Brende's request for a certificate of appealability regarding the dismissal of his 2023 petition. *Id.* at Docket 31.

Brende has now filed a third habeas petition challenging the same state court conviction. After discussing the relevant procedural history and legal authorities, Magistrate Judge Duffy concluded that Brende's current habeas petition (Docket 1) is a collateral attack on "the same 2012 conviction on grounds that were either already decided or which could have been raised in his first petition." Docket 4 at 3. As the report and recommendation recognizes, "there is no evidence or assertion that Mr. Brende sought and obtained permission from the Eighth Circuit to file this successive petition." *Id.* at 3. And "[w]ithout such permission from the appeals court, this court has no jurisdiction to entertain Mr. Brende's petition." *Id.*

The United States Supreme Court has instructed that a district court must dismiss a "second or successive" petition for lack of jurisdiction if the petitioner has "neither sought nor received authorization from the Court of Appeals before filing" the petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam). In his objections, Brende does not dispute that the pending habeas petition is a "second or successive" petition. *See* Dockets 12, 13, 15, 16, 17, 18. And in his objections, Brende does not dispute that he has not received

3

permission from the Eighth Circuit to file a second or subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).[1] *See* Dockets 12, 13,15, 16, 17, 18. Thus, the court adopts the report and recommendation (Docket 4) in full and dismisses Brende's petition (Docket 1) without prejudice.

## II.   Brende's Miscellaneous Letters and Notices

Brende filed miscellaneous letters and notices. *See, e.g.,* Dockets 12, 13, 15, 16, 17, 18. To the extent they are something other than objections to the report and recommendation, Brende appears to be attempting to collaterally attack his underlying conviction. As was previously explained to Brende, this court has no jurisdiction to entertain a collateral attack on his 2012 conviction unless he obtains permission from the Eighth Circuit to file this successive petition. *See* 28 U.S.C. § 2244(b)(3)(A).

## III.   Motion for Certificate of Appealability

Brende asks this court to issue a certificate of appealability. Docket 8. "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a [certificate of appealability] from a circuit justice or

---

[1] On November 16, 2020, the Eighth Circuit denied Brende's petition for authorization to file a successive habeas petition challenging his October 30, 2013, conviction. *Brende v. Warden, Mike Durfee State Prison*, 4:23-CV-4055-KES, Docket 6 at 5. There is no indication that Brende filed another petition or motion seeking authorization from the Eighth Circuit before filing the pending habeas petition again challenging his October 30, 2013, conviction.

judge." *Id.* at 335–36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court finds that Brende fails to make a substantial showing that his constitutional rights were denied, and a certificate of appealability is denied as to all claims.

Thus, it is ORDERED:

1. That Brende's objections to the report and recommendation (Dockets 12, 13, 15, 16, 17, 18) are denied.

2. That the report and recommendation (Docket 4) is adopted in full.

3. That Brende's habeas petition (Docket 1) is dismissed without prejudice.

4. That Brende's motion for a certificate of appealability (Docket 8) is denied.

Dated October 1, 2025.

<div style="margin-left: 4em;">
BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
</div>